UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| John Raines and Tim McGough, as Trustees of the Carpenters & Joiners Welfare Fund and Twin City Carpenters Pension Master Trust Fund, and John Raines as Trustee of the Carpenters and Joiners Apprenticeship and Journeymen Training Trust Fund, and each of their successors,<br><br>Plaintiffs,<br><br>vs.<br><br>Allied Construction Services, Inc.<br>a/k/a ABC Building Products,<br>a/k/a Color, Inc.,<br><br>Defendant. | Civil File No. _____<br><br><br><br><br><br><br><br><br><br><br>**COMPLAINT** |

Plaintiffs, for their Complaint against Defendant Allied Construction Services, Inc. (a/k/a ABC Building Products and Color, Inc.), state and allege the following:

### IDENTITY OF PARTIES, JURISDICTION, VENUE

1.  Plaintiffs John Raines and Tim McGough, and any subsequently appointed successor, are Trustees of the Carpenters & Joiners Welfare Fund. The Fund is a multi-employer jointly-trusteed fringe benefit plan created and maintained pursuant to Section 302(c)(5) of the Labor Management Relations Act of 1947 ("LMRA"), as amended 29 U.S.C. § 186(c)(5). The Fund is administered in accordance with the provisions of the Employee Retirement Income Security Act of 1974, as amended 29 U.S.C. § 1001, et seq. ("ERISA"), and is exempt from federal income taxation pursuant to Internal Revenue Code Section 501(c)(9).

2.  Plaintiffs John Raines and Tim McGough, and any subsequently appointed successor, are also Trustees of the Twin City Carpenters Pension Master Trust Fund, which is the

4837-0728-0492.1

trust which holds contributions owed to the Carpenters and Joiners Defined Contributions Plan. The Plan is a multi-employer, jointly-trusteed fringe benefit plan created and maintained pursuant to Section 302(c)(5) of LMRA, 29 U.S.C. § 186(c)(5). The Plan and the Trust are administered in accordance with the provisions of ERISA, and is exempt from federal income taxation pursuant to Internal Revenue Code § 401(a).

3. Plaintiff John Raines, and any subsequently appointed successor, is also a Trustee of the Carpenters and Joiners Apprenticeship and Journeymen Training Trust Fund. The Fund is a multi-employer, jointly-trusteed fringe benefit plan created and maintained pursuant to Section 302(c)(6) of LMRA, 29 U.S.C. § 186(c)(6). The Fund is administered in accordance with the provisions of ERISA, and is exempt from federal income taxation pursuant to I.R.C. § 501(c)(3).

4. Plaintiffs John Raines and Tim McGough, and any subsequently appointed successor, are Trustees of the respective fringe benefit funds named herein and fiduciaries under ERISA § 3(21), 29 U.S.C. § 1002(21).

5. Defendant Allied Construction Services, Inc. (a/k/a ABC Building Products and Color, Inc.) (hereinafter "Defendant") is a corporation registered in the state of Iowa with a registered address of 2122 Fleur Drive, Des Moines, IA 50321, and conducts business under that name in the commercial carpentry construction industry. Defendant employs individuals in the construction industry, and is therefore an employer within the meaning of Section (3)(5) of ERISA, 29 U.S.C. § 1002(5).

6. This is an action to enforce the rights guaranteed by an agreement between an employer and a labor organization in an industry affecting commerce, in as much as it is an action by the Plaintiff Trustees of the respective Funds to collect unpaid fringe benefit contributions due

per the terms of a collective bargaining agreement. Subject matter jurisdiction over this controversy, therefore, is conferred upon this Court, without regard to the amount in controversy by ERISA § 502(e)(1), 29 U.S.C. § 1132(e)(1); ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3); and ERISA § 515, 29 U.S.C. § 1145. Subject matter jurisdiction is also conferred by Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185.

7. The trust funds and plans for which the Plaintiffs are trustees, are administered in Hennepin County, Minnesota, therefore, venue is proper in this court pursuant to ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2).

## COUNT I
### Right to Audit- January 2017 forward

8. Since July 14, 2014, Defendant has been signatory and bound to the terms of a collective bargaining agreement ("CBA") negotiated with the North Central States Regional Council of Carpenters, Local 106 covering carpentry work performed in Iowa. To date, Defendant has not terminated CBA and remains obligated to comply with the terms of the labor contract.

9. The CBA requires that Defendant make fringe benefit contributions to the employee fringe benefit plans for which Plaintiffs are Trustees. These fringe benefit contributions must be made on behalf of all employees covered by the CBA for all hours worked in the geographic jurisdiction of each contract, in amounts set forth and agreed upon therein, for the purpose of funding employee benefits.

10. By signing the Local 106 CBA, Defendant also agreed to be bound and to comply with the respective Trust Agreements establishing the fringe benefit plans for which Plaintiffs are Trustees.

11. Defendant is required to complete a monthly report form with the information required by the Trustees, identifying each employee covered by the CBA and each hour worked by that employee during the month performing covered service. The report is required to be submitted with the payment for the amounts due not later than the 15th day of the month following a month in which covered hours are worked. All fringe fund reports and contributions must be submitted to Wilson-McShane Corporation as the administrative agent designated by the Plaintiff Trustees.

12. The CBA and Trust Agreements also require that Defendant make available employment and payroll records for examination and audit by the Plaintiffs' Trustees, or their authorized agents, whenever such examination is deemed to be necessary by the Trustees to ascertain whether the employer has properly complied with its fringe benefit contribution obligations.

13. Plaintiffs' auditors at Wilson-McShane Corp. requested that Defendant produce a complete set of all employment and payroll records. for the period of January 2017 through the present for the purpose of auditing Defendant's compliance with the terms of the CBA and Trust Agreement(s), and compliance with Section 515 of ERISA.

14. To date, Defendant has produced a partial set of records, but has failed and refused to produce tax forms requested by Plaintiff's auditors required to complete the audit. Based upon these tax records, the Trustees may also need additional records to complete the audit.

15. Upon information and belief, there have been hours worked by Defendant's employees for which fringe benefit contributions were not remitted during the audit period.

16. To the extent the completed audit reveals any unpaid contributions are due and owing to Plaintiffs, Defendant is liable to Plaintiff for those unpaid contributions pursuant to ERISA §515 and §502(a)(2).

17. Unless Defendant is ordered to specifically perform the obligation to produce all requested records and permit the audit, Plaintiffs will have no means of verifying the proper amounts due and owing to Plaintiffs, if any, nor will Plaintiffs have adequate means of ascertaining the proper allocation of such contributions to Defendant's employees. Therefore, in the absence of this court's order as requested, Plaintiffs are without adequate remedy at law and will be subject to irreparable harm.

18. In addition to any fringe benefit contributions due per the audit, ERISA § 502, 29 U.S.C. § 1132, provides for an award of interest on the unpaid contributions computed at a rate provided in 26 U.S.C. § 6621 or at the rate established by the plans, plus liquidated damages of 10% of delinquent contributions as provided for in the CBs and the Agreements and Declarations of Trust under which the trust funds for which Plaintiffs are Trustees are established.

19. The CBA and the Agreements and Declarations of Trust under which the trust funds for which Plaintiffs are Trustees are established, and ERISA § 502, 29 U.S.C. § 1132, provide that Defendant is liable to Plaintiffs for the reasonable attorney's fees and costs incurred in this action, and any costs incurred in performing the audit.

20. Every month, until this matter is resolved either through dismissal or through judgment, the Defendant will be obligated to remit a fringe fund report form as described above, and will be required to remit payment for the fringe benefit contributions due per the hours

disclosed. If the report and/or the payment for the amounts due are not submitted by the 15th day of the following month, the Defendant will be delinquent for each such month.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs demand judgment of this Court against Defendant Allied Construction Services, Inc. (a/k/a ABC Building Products and Color, Inc.) as follows:

1. An order that Defendant is required to produce for inspection and audit the following of their business records, for the audit period of January 1, 2017 through the present:

   a. All payroll registers or journals;

   b. All time cards;

   c. All Internal Revenue 941 quarterly reports;

   d. All Form 1099s and 1096s;

   e. All Internal Revenue W-2 and W-3 forms (to the extent such forms are issued by the employer prior to the audit being completed);

   f. All payments to any individual for labor or services, regardless of whether the each Defendant classifies such individual as an employee or as a subcontractor;

   g. All cash disbursement reports or journals;

   h. All business checking account registers or journals;

   i. All checking account bank statements including copies of all checks issued from the accounts;

   j. All Minnesota quarterly unemployment reporting forms (MUTAs) and quarterly tax forms;

   k. All timecards and records identifying the type of work performed by each employee and individual who has performed services for each of the Defendant; and

   l. Any such additional records as are deemed necessary to the performance of such audit by representatives of Plaintiffs; that such production and inspection shall occur within ten (10) days of entry of this Court's Order requiring same at the

premises of Wilson-McShane Corporation, 3001 Metro Drive, Suite 500, Bloomington, MN 55425.

2. Entry of a judgment against Defendant for all unpaid fringe benefit contributions and liquidated damages discovered to be due during the audit period of January 2017 through the present, or entry of judgment, plus all additional amounts to which the Plaintiffs are entitled under ERISA §502(a)(g), including an award of interest on the unpaid fringe benefit contributions through the date of the judgment, or double interest if greater than simple interest and liquidated damages.

3. A judgment for all amounts which become due per any fringe benefit reports which Defendant are obligated to submit throughout this litigation, including an additional 10% of any fringe benefit contribution amounts reported for the liquidated damages.

4. An award of interest, liquidated damages and any other penalties available under ERISA §502(g).

5. For an award of costs, disbursements and attorney fees according to law.

6. For such other and future relief as the Court deems appropriate.

Date: June 29, 2018.    **KUTAK ROCK LLP**

By: _____
Amanda R. Cefalu (#0309436)
60 South Sixth Street, Suite 3400
Minneapolis, MN 55402
Telephone: (612) 334-5026
Facsimile: (612) 334-5050
Email: Amanda.Cefalu@Kutakrock.com

*Attorneys for Plaintiffs*